Your Honor, this is Carl Gunn from the Federal Public Defender here in L.A. representing Mr. Botta. I'd like to begin, if I could, by making as clear as I can what happened here. First, with respect to the computer itself, an on-site forensic computer examiner, who was required by the warrant, recognized an on-site search was possible, and in his words, he fully intended to conduct that on-site search when he came to the premises. He didn't do it only because he didn't want to take an extra half hour to call his office and go back and get a second piece of equipment called a red block device. Well, the district court found there was a little more than that. The district court also found that there were 70 CDs. I was going to mention the CDs. There's a separate issue about the CDs, Your Honor. So you concede that it was more than just the computer that had been searched. Correct. But the point is, he fully intended to do this. The only reason he didn't do it is he didn't want to take an extra half hour. Well, that's where you and I disagree with the record. I have a finding from the district court that even if we averaged five minutes for each of the 70 CDs, that he was going to be there for several hours, and that that is another fact in determining whether or not it could be conducted within a reasonable amount of time. I think, Your Honor, that might justify taking the CDs without an on-site review, but it wouldn't justify taking the computer without an on-site review. And there's another problem. So you want us to now parse these searches into, well, you can do this at the scene, but the rest of it you can take back to the lab? When the search warrant chooses, when the magistrate chooses to impose a condition that's proposed by the government that says they'll make this reasonable effort to search computer equipment on-site, I think the answer is yes, Your Honor. If one piece of equipment can be reasonably searched on-site but another can't, then you do it with one piece of equipment and not the other. Where in the language of the restriction do I find the bifurcation requirement? Well, it says we'll make an initial review of any computer equipment and storage devices to determine whether the computer devices can be searched on-site in a reasonable amount of time. So why shouldn't I read that to include the cumulative? We're talking about executing the search warrant, and the search warrant authorizes the search of computers and equipment. I think the reason, Your Honor, is that the purpose of that provision is to avoid the seizure with no probable cause, because, of course, with a computer search warrant, you're going way beyond the norm of the Fourth Amendment. That's one of the strange things about, or the unique things about computers, and I think the purpose of that provision is to make sure that that is avoided, if possible. If it's possible to avoid it... No, not possible, reasonable. The word is reasonable. Shouldn't we give a little deference to a police officer out in the field who finds something that they didn't believe they were going to find in determining whether it was reasonable to search it on-site or not? I don't think... I think when the reason he makes that decision about the computer, his testimony was that he would have searched the computer on-site if he had that extra right clock device and or if it only needed one right clock device. And that was his testimony, as I read it, irrespective of whether there's this other issue of CDs, which, of course, he didn't even know about, remember, because they didn't tell the expert about the CDs. They just took them without even telling him about them. So, Your Honor, the expert who made this decision didn't even know about the CDs, so it's hard to say that's what his decision was based on. I've got a finding by the district court who heard three days of testimony at an evidentiary hearing that in considering all of the facts that the agents or the officers encountered, that it was unreasonable to expect the search to be completed on the premises. That's what we're reviewing. Well, I think that's a mixed question of law and fact, not a factual finding. And like other mixed questions of law and fact that depend on what's reasonable, that's reviewed de novo, not for clear error. Okay, but the clear error has to apply to the factual findings regarding the amount of time that it would take to search a two-hard drive computer, not one. But the factual, that was... Okay. Plus the amount of time it would take to search 70 CDs for child pornography. I think the facts here are basically undisputed. The time it would have taken to search a computer and have a very good shot at being able to do the search was 2 1⁄2 to 3 1⁄2 hours. The time it would have taken to search the CDs, that's a little more ambiguous. It would have been 5 or 10 minutes per CD if it had very little data on it, and much longer if it had a lot of data on it. And I don't think... So that's another 5 to 6 hours. Correct, but I think what you do then... What time does the search start? Sometime in the morning, I don't know exactly. And he came home in the middle of the search, so that's part of the problem. Well, I don't think that's part of the problem, but he did come home, yes, in the middle of the search. But I think you have to read this condition, given the interest in avoiding unnecessary seizure of equipment outside the normal Fourth Amendment norms as taking pieces of computer devices on a one-by-one basis. What do we do with his admission when he did come home that there was pornography on the CD? Two things. First of all, Your Honor, that would only justify the seizure of the CDs, not the seizure of the computer without checking the computer. Well, it's got a warrant for the computer. Right, but the warrant... Then you get into the issue that we were just discussing about the need for the on-site review. But at that point, they've got probable cause based on his admission. For the CDs. Well, to arrest him and, presumably, to continue carrying out the search. And of course, the problem is they don't have all the equipment that they need to search two hard drives because they had expected only to encounter one. Well, and they could have gotten it in half an hour, of course. But I think there's two questions here. There's a question, and I presented it as two issues. There's the question about the seizure of the computer without the search. There's the question about the seizure of the CDs without the search. And I think under the warrant terms, those do have to be looked at separately. Addressing Your Honor's question about the CDs, though, the admission, the problem with that is he didn't say every one of those CDs has child porn. There's a set of CDs he points to in some sort of case or something. Turns out there's 72. He says, basically, my child porn CDs are in there. And so that tells the agent that some of those CDs have child porn and some don't. So it doesn't create probable cause to seize all of them. So then you have to fall back on the warrant. And what, if anything, the warrant requires about a review of those CDs to determine whether to seize them. If he said that CD has child porn, no question they could take it. But that wasn't what he said. Then you get to the question of – I don't see how this is helping you. I'm sorry? I don't see how this is helping you in terms of whether what they did was reasonable under the terms of the warrant. What I'm addressing is that the admission did not create probable cause to seize all the CDs. Well, I'm trying to figure out what the Fourth Amendment violation is here that would result in exclusion of the incriminating evidence. He's already admitted that there's child pornography on the CDs. He doesn't tell him which of the 70 CDs it's on, but it's somewhere there. So that alone justifies the seizure of the CDs based on his incriminating admission. I know. And that evidence is going to come in against him at the trial regardless of what they do with the two hard drives on the stand alone. Well, if Your Honor were to hold that, then you'd have to hold that the search of the computer was wrong, unlawful, and the search of the CDs was not. Now, this is a conditional plea situation, not a trial situation. So there's no harmless error presented. It would go back and things would proceed. But, Your Honor, I think the situation we have here is analogous to if you had four boxes with jewelry in it and the defendant said, the stolen jewelry is in one of those boxes. I don't think you could seize all four boxes. You'd have to, assuming you knew what the stolen jewelry was, you'd have to look in the box and find the stolen jewelry and take that box. Now, with CDs, there's the complication and the fact that the warrant said they could be seized without an on-site review if a computer expert determined it wasn't possible to do one on-site. And second, in fact, it wasn't possible to do it on-site or reasonable to do it on-site. Here, the main problem, or I think the preliminary problem, with seizing the CDs under that warrant is they never asked a computer expert to make that determination. They never asked the computer expert who was there to make that determination. Your Honor is shaking your head. I don't know if I can respond. I don't know. Are you saying that there are four huge boxes of magazines and the defendant says, well, yeah, there's some pornography in some of those boxes, that they can't just take those boxes without going through the whole thing right there on the site? I don't understand. I think so, Your Honor. If he says there's four diaries or a bunch of diaries and some of them have my discussion of abusing children, I don't think they should be taking his other private diaries. It's a question of how much work it is. I agree. And that's when you get to the second question. But the fundamental problem with respect to the CDs is they were supposed to have a computer expert make that call, and they never even showed the CDs to the computer expert. But once he admits that there's pornography in them, who cares? Well, he admitted there's pornography on some. Yeah. Okay. We're back to that. I think we're going around in circles. Thank you. You've more than used your time. Is there a question? No. All right. Thank you. We'll hear briefly from the government. Good morning. Angela Sandeman from the United States. With regard to the computer search, the court need look no further than Detective Donahue's determination that he did not have the equipment to search the computer. Detective Donahue, the computer expert, brought the equipment that he always brings to these types of searches. He was expecting to find what he usually finds, which is a computer that is typical in a residence. That is not the computer that he found. He found a computer with a dual hard drive, which is more typical, he testified, for a business-type setting. He did what the warrant required him to do. He made that initial review. He looked at that computer and said, no, I don't have the equipment. That was all he was required to do. He did not need to go any further. There's nothing under the Fourth Amendment or that search warrant that required him to drive back to the station. And he testified he didn't even know when he got to the station that the right device would be available. The court doesn't even have to get there. And beyond that, he also testified, and the district court found compelling, that even if he had gone back and that right box device had been available, there was guesswork involved in trying then to use his forensic software to search this sophisticated computer. Because of the dual hard drives and the way they work together, he would have had to employ a lot of guesswork to even get in there to do the on-site preview. So for those reasons, he complied with the search warrant and the district court findings were proper there. With regard to the compact disc, Detective Aguirre testified that the defendant admitted that there was child pornography on some of those discs. And some of those discs were, there was a box containing various CDs. At that point, two things occurred. First of all, Detective Aguirre had probable cause to seize that entire box. Certainly, if we think of it in a situation where, let's say a motorist is driving along and gets pulled over by a police officer, and the motorist admits to the police officer, oh yes, the box by my feet has some CDs with some child pornography on it. Certainly, that officer had probable cause to seize that entire box. In this instance, then, what the defense is proposing would actually be punishing the officers because they had the ability, potentially, over an extended period of time to search those CDs. They don't suddenly have a heightened expectation just because they have computer equipment with them. They have probable cause at that point when he admitted child pornography on those CDs to seize all of those CDs. Is it a probable cause analysis or is it a violation of the court's restriction on how the search will be executed? Certainly, I think there are both analyses. I don't hear any challenge to probable cause from Mr. Gunn. He's not challenging the probable cause to get the warrant. He's not challenging the probable cause to seize CDs, although he wants the search to be conducted on the premise. If the court were to consider the fact that the on-site search or on-site preview was not performed pursuant to the warrant, then the government would look to this probable cause analysis, which the government certainly had at that point. Additionally, the defendant also lost his possessory interest in the CDs when he admitted that there was content on them. But separately, the government also does not concede that there was any violation, necessarily, of the search warrant conditions because although Detective Donahue did not make the initial examination or do the on-site preview because he was unaware of the CDs, he later testified that had he known, given the amount of CDs and the way in which he would have had to have searched them, it would have taken far too long, it would have been unreasonable, and he would have taken the CDs in addition to the computer off-site to search them. So in that regard, the Fourth Amendment is analyzed objectively. And so from that objective viewpoint, even though the subjective intent of Detective Donahue wasn't there at the time of the search, objectively speaking, the government had the right situation to seize those CDs. And the district court also made that determination as well. The district court did rely on the fact that there were so many and it would have then taken hours and hours, even for the smallest amount of information on each CD. And finally then, even if, which the government doesn't concede, but even if the officers violated the search warrant in the way that defense is contesting, exclusion is not the remedy. The exclusionary rule is only applicable where it results in appreciable deterrence. The district court made repeated findings that there was no malice here. The officers weren't acting intentionally. They didn't intentionally fail to bring the additional right block device. They didn't intentionally seize the CDs to avoid doing the on-site search. So there's nothing to deter. There's no bad conduct here to deter that would warrant suppressing this evidence. Additionally, there's little incentive to avoid an on-site search to begin with. The purpose of the on-site search is solely to find some evidence of contraband. Once that contraband, once they find one CD containing child porn, they seize whatever they're looking at. So, and that happens whether the search is done on-site or off-site. There's really no incentive here for them to try so hard to avoid this on-site search. And therefore, there's really no good that would come from the suppression of this evidence. Well, if I can make Mr. Gunn's argument for him, it seems to me where the challenge is going is the developing jurisprudence on what constitutes a reasonable computer search. And in the premises of the subject, where the concern is that computers have become such a ubiquitous tool, and they're so important to businesses and to people in their personal lives, that if we're simply going to be seizing them and taking them back to the forensic computer lab, we're depriving people of an important tool that they need in their daily lives. And if that's the interest that the restriction in the warrant addresses, and that's different for probable cause. Certainly, although I would note then that Rule 41 in December of 2009 was actually amended to exclude a requirement for on-site search of computer material. Actually, 41E2B now authorizes a later review of the media. And the rationale for that was, and of course this was after, granted this was after the search, but the rationale for that was computer and other electronic storage media commonly contain such large amounts of information that it is often impractical for law enforcement to review all of the information during the execution of the warrant at the search location. But if I understand your argument that the warrant was drawn up with the protocol, it had the concerns that Judge Talman has just outlined. It did, certainly. However, especially with regard to the computer, the defendant was protected. Detective Donahue made that initial review and determined that it couldn't be done in a reasonable amount of time, and the search warrant gives the officers an out in that regard because of these very rationales. Yeah. Okay. Are there any further questions for the defendant? Thank you. Are there any further questions of the appellant? No. Thank you. The matter just argued is submitted for decision. We'll hear the next case for argument, which is our counsel here in the next case, which is Ascendant Capital Group v. Smith. All right. We'll hear that case.
judges: Jarvey, Schroeder, Tallman